# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CARLOS MOORE**                                                                               **PLAINTIFF**

**V.**                                                                                       **No. 3:09CV93-M-A**

**DIANE HOLMAN, ET AL.**                                                                       **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Carlos Moore, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, this case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On April 14, 2009, Carlos Moore ("Moore") complained to the Benton County Sheriff's Department about "unwanted company" who had been coming to his home. Jodi Clark, who worked at the Sheriff's Department, told Moore to call "911" if the "unwanted company" returned. About 9:15 p.m. the "unwanted company" returned – this time armed with guns. Moore called "911" as he had been told to do. Dispatcher Diane Holman answered, then hung up as Moore tried to explain the emergency. Moore called back as the intruders were trying to kick down his door – but Holman hung up again. In all, Holman hung up on Moore four times as he tried to complete his emergency call. The fourth time she stated, "This must be a prank call 'cause I can't hear you." Jailor Janice Elliott called back to see what was going on. When Moore gave his address to Elliott, the intruders pushed in his door. Moore wrestled an intruder

armed with a gun, then escaped through the back door. Several shots were fired during the encounter, and one of the intruders was shot. Moore escaped through the back door and saw a police vehicle sitting up the hill from his; the vehicle had its parking lights on. The encounter lasted more than thirty minutes – and no law enforcement officers arrived during that time. Moore's home is only a five minute drive from the Benton County Sheriff's Department. The intruders were not charged in the incident, but Moore was. Moore was not physically injured in the encounter, but he spent 70 days in jail on charges arising out of the incident. He alleges that he also lost his job and the home he was renting during his incarceration.

**Discussion**

Moore claims that the actions of the defendants violated his right to equal protection under the law as set forth in the Fourteenth Amendment. A law enforcement officer's failure to protect a citizen from the attack of a private individual does not violate the Due Process Clause of the Fourteenth Amendment. *DeShaney v. Winnebago County Dept. of Soc. Servs.,* 489 U.S. 189, 197, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). On the other hand, "a State may not . . . selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." *Id.* at 197 n. 3, 109 S.Ct. 998. In addition, "the Equal Protection Clause should not be used to make an end-run around the *DeShaney* principle that there is no constitutional right to state protection for acts carried out by a private actor." *McKee v. City of Rockwall,* 877 F.2d 409, 413 (5th Cir.1989).

Moore does not allege that he faced discrimination because he is in a protected class. Instead, he argues that he is in a "class of one" – that the defendants intentionally discriminated against him as an individual. Equal protection claims can be brought by a "'class of one,' where

the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." To prevail on such a claim, a plaintiff need not allege membership in a protected class or group. *Shipp v. McMahon,* 234 F.3d 907, 916 (5th Cir.2000), *overruled in part on other grounds by, McClendon v. City of Columbia,* 305 F.3d 314, 328-29 (5th Cir.2002) (en banc). "[T]o make out a *prima facie* ['class of one' equal protection case] the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Hilton v. City of Wheeling,* 209 F.3d 1005, 1008 (7th Cir.2000) (internal quotation marks and citation omitted). "['Class of one' equal protection claims are] 'vindictive action' cases, [requiring] proof that the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus towards the plaintiff by the defendant." *Id.*

Moore's allegations do not make out a *prima facie* case for his "class of one" equal protection case. The "911" operator hung up on Moore four times, but she stated during Moore's attempts to place his emergency call that she could not hear him. Another operator then called Moore back to see what was happening, but the situation had deteriorated by that time. Moore has not identified the intruders. He has not explained his relationship to the intruders – or to the defendants. He has not shown that the defendants held "a totally illegitimate animus" toward him. *Hilton*, 209 F.3d at 1008. As such, he has not stated a claim for relief as a "class of one" under the Equal Protection Clause.

For his claims to survive dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief could be granted, a plaintiff must set forth "Factual allegations

[sufficient] to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Likewise, "[i]t is not ... proper to assume that [the plaintiff] can prove facts that [he] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). As the plaintiff has not alleged facts to show that the defendants held a totally illegitimate animus towards him – and that the animus was the cause of discrimination against him – his equal protection claim fails and shall be dismissed for failure to state a claim upon which relief could be granted under *Twombly*. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of November, 2009.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**